UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. PIERSON, III,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTH, et al.,<br><br>Defendants. | No. 2:20-cv-124-TLN-KJN PS<br><br>ORDER VACATING HEARING; AND<br>FINDINGS AND RECOMMENDATIONS<br>ON DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 14.) |

Plaintiff Raymond H. Pierson, III, proceeding pro se, alleges claims against Sutter Health and a number of the Hospital's employees.[1] (ECF No. 1.) Plaintiff contends certain individuals in the Hospital's employ conspired against him after he complained about other physicians' actions, setting up a "sham" peer-review process regarding plaintiff's practice that led to his suspension. Plaintiff raises claims under 42 U.S.C. § 1983 for violations of his civil rights, as well as claims under a number of California state laws. The Hospital now moves to dismiss, arguing plaintiff's Section 1983 claims fail for lack of state action, and requesting the court decline supplemental jurisdiction over the remaining state law claims. (ECF No. 14.)

The undersigned recommends plaintiff's Section 1983 claims be dismissed with prejudice, the court decline supplemental jurisdiction, and leave to amend be denied.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21) for the issuance of findings and recommendations.

1

**Procedural Posture**

Plaintiff filed his complaint on January 16, 2020. (ECF No. 1). In April, plaintiff requested additional time to serve defendants, given the lockdown that was then in place due to Covid-19. This request was granted. (ECF Nos. 6, 7.) After defendant Hospital was served, the parties stipulated to an extension of time for the Hospital to file an answer, again because of Covid-19. (ECF Nos. 8, 9.)

On June 3, 2020, the Hospital moved to dismiss, and the matter was ultimately set for a July 9, 2020 hearing before the undersigned. (ECF No. 14, 15, 16.) Plaintiff's response to this motion was due by June 25, 2020. (See Local Rule 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the [] hearing date.").) On June 15, plaintiff filed a notice of intent to file an amended complaint, as well as a request for defendants to waive service. (ECF Nos. 17, 18). On June 24, plaintiff filed a notice regarding his receipt of the motion to dismiss. (ECF No. 19.) Plaintiff did not file an amended complaint or otherwise respond to the substance of the Hospital's motion.

**Parties' Arguments**

The Hospital moves to dismiss based on the argument that plaintiff's Section 1983 claims fail due to a lack of state action. The Hospital argues that all decisions made by it, and by those participating in the peer-review proceedings, are those of private individuals, and Section 1983 only reaches decisions by state actors. Further, the Hospital contends that none of the private-nexus tests are applicable, as binding Ninth Circuit precedent deems the peer-review process a private action. Because the Section 1983 claims are the only claims raising a federal question, and because the Hospital wishes to preserve its resources regarding plaintiff's state-law claims due to the Covid-19 outbreak, the Hospital simply requests the court decline supplemental jurisdiction over plaintiff's remaining state-law claims. (ECF No. 14.)

Plaintiff has asserted multiple times that he intends to amend his complaint, including in the original complaint (ECF No. 1 at 120-21) and in his notices to the court after the Hospital filed its motion to dismiss. (ECF Nos. 17, 19.) Plaintiff has not, however, actually filed an amended complaint or offered specific arguments against the Hospital's contentions made in the

2

1  motion to dismiss.

2  **Legal Standard**

3  Rule 8(a)[2] requires that a complaint be "(1) a short and plain statement of the grounds for

4  the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader

5  is entitled to relief; and (3) a demand for the relief sought, which may include relief in the

6  alternative or different types of relief."  A responding party may present certain defenses to a

7  complaint by motion, including: (a) challenges to the court's subject-matter jurisdiction, and

8  (b) challenges to the sufficiency of the complaint.  See Rule 12(b).

9  *(a) Subject Matter Jurisdiction*

10  Federal courts are courts of limited jurisdiction, and are presumptively without subject-

11  matter jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

12  377 (1994).  The burden of establishing subject matter jurisdiction rests upon the party asserting

13  jurisdiction.  Id.  "[A] lack of Article III standing requires dismissal for lack of subject matter

14  jurisdiction[.]"  Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011))  Because subject

15  matter jurisdiction involves a federal court's power to hear a case, it can never be forfeited or

16  waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).

17  The court may exercise supplemental jurisdiction over state law claims, but plaintiff must

18  first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  If a court has

19  found that a plaintiff fails to state any cognizable federal claims, the court typically will not

20  exercise supplemental jurisdiction over any putative state-law claims.  See Carnegie-Mellon

21  Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district

22  courts should usually decline to exercise supplemental jurisdiction).

23  *(b) Sufficiency of the Pleadings*

24  Prior to the filing of a responsive pleading, a defendant may challenge the sufficiency of

25  the complaint under Rule 12(b)(6).  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104,

26  1109 (E.D. Cal. 2009).  This motion is properly granted when, "taking all the allegations in the

---

[2] Citations to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

pleadings as true, the moving party is entitled to judgment as a matter of law." Id.  A claim can be dismissed for insufficiency in one of two scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

In considering a Rule 12(b)(6) motion, the allegations of the non-moving party must be accepted as true and viewed in a light most favorable to the plaintiff.  Gregg, 870 F.3d at 887; Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for insufficiency, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Conversely, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).  Although the court may not consider facts raised an opposition brief to determine the propriety of a Rule 12 motion, it may consider those matters in deciding whether to grant leave to amend.  Cf. Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) with Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**Analysis**

  **A. Plaintiff's Section 1983 claims fail for lack of state action.**

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). A claim under Section 1983 generally does not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). To be sure, a private individual's action can amount to state action under certain circumstances, but these circumstances require one of four tests be met. See Id. at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).

  Here, defendant Hospital is a private business entity, meaning that generally plaintiff's Section 1983 claims fail for lack of state action. Franklin, 312 F.3d at 444. Further, the facts in plaintiff's complaint, voluminous as they may be, do not indicate how the Hospital's conduct could meet any of the four supplemental tests. As the Hospital correctly notes, the Ninth Circuit has foreclosed the possibility that a hospital's peer-review system constitutes "state action" just because it is a creature of California law. See Pinhas v. Summit Health, Ltd., 894 F.2d 1024, 1031 (9th Cir. 1989); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of [Section 1983]."). Thus, plaintiff's Section 1983 claims fail for lack of a cognizable legal theory. Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065.

  The same holds true for each of the unserved defendants, who all appear to be either management figures in the employ of the Hospital or physicians who participated in the peer-review process that led to plaintiff's suspension. (See ECF No. 1 at ¶¶ 8-25, describing each defendant's position and role in the alleged events). "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are

1  integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also
2  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made
3  without notice where the [plaintiffs] cannot possibly win relief."). Thus, because the above
4  analysis applies equally to all defendants, the court recommends dismissal of the Section 1983
5  claims against all defendants.

**B. Supplemental jurisdiction over plaintiff's state-law claims should be declined.**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004). Section 1367(a) requires courts to exercise supplemental jurisdiction, while § 1367(c) provides "the exclusive means by which supplemental jurisdiction can be declined by a court." Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1556 (9th Cir. 1994). Under Section 1367(c), courts may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Courts have "discretion to keep, or decline to keep, [supplemental state law claims] under the conditions set out in § 1367(c)." Acri v. Varian Assocs., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

Here, the undersigned has found plaintiff's Section 1983 claims fail as a matter of law, and has thus recommended dismissal. No further claims are stated under 28 U.S.C. § 1331, and diversity jurisdiction was not alleged (as defendants appear to be California residents). Thus, the undersigned recommends the court decline to exercise supplemental jurisdiction over plaintiff's remaining state-law claims stated in the Complaint. 28 U.S.C. § 1367(c)(3).

Because the court recommends declining supplemental jurisdiction over plaintiff's state-law claims, it makes no comment on their efficacy. Should the district court adopt these findings and recommendations, plaintiff's state-law claims would be dismissed without prejudice—leaving him free to file these claims in California Superior Court. See, e.g., Gale v. SAIF Corp., 2020 WL 809381, at *11 (D. Or. Jan. 3, 2020) ("Plaintiff's state-law claims should be dismissed without prejudice so that Plaintiff may file them in state court, should he choose to do so."); Gustafson v. Fukino, 2010 WL 2507556, at *1 (D. Haw. June 18, 2010) ("With dismissal of the Gustafsons' § 1983 claims, this court declines to exercise supplemental jurisdiction over the remaining state-law claims. The Gustafsons may file a complaint in state court to seek redress for the alleged violations of state law.").

### C. The court recommends leave to amend be denied, based on plaintiff's representations in the Complaint.

On the last page of plaintiff's Complaint, he lists a number of additional causes of action he wishes to bring in an amended complaint. He lists them as "antitrust, fraud, conspiracy, negligent supervision, negligent hiring, legal malpractice, hearing officer misconduct, breach of contract, intentional infliction of emotional distress, and defamation." (ECF No. 1 at 121.) It appears these are rooted in the hospital's peer-review process, and so seem tied either to the now-dismissed Section 1983 claims or to claims under California state law. Even if plaintiff had amended his complaint to include such claims, the court would recommend against retaining supplemental jurisdiction for the same reasons as stated in Section B above. See Broam, 320 F.3d at 1026 n.2 (the court may consider arguments raised outside of a complaint's core allegations when deciding whether to grant leave to amend); see also, e.g., Gale v. SAIF Corp., 2020 WL 809381, at *11 (D. Or. Jan. 3, 2020) (after recommending dismissal of Section 1983 claims, the court found it appropriate to decline supplemental jurisdiction over the plaintiff's "remaining state law claims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with economic relations."); Farkas v. State of Nevada Dep't of Corr., 2016 WL 3397418, at *1 (D. Nev. June 14, 2016) (supplemental jurisdiction declined over state-law claim for intentional infliction of emotional distress); Price v. McDonald, 2013 WL 1149830,

at *2 (N.D. Cal. Mar. 19, 2013) (supplemental jurisdiction declined over state-law defamation claim).  Therefore, because it does not appear plaintiff intends to raise any federal claims in an amended complaint, the court recommends leave to amend be denied.  <u>Cahill</u>, 80 F.3d at 339 (if amendment would be futile, no leave to amend need be given).

**ORDER**

Given the above findings and Local Rule 230(g), the hearing currently set for July 9, 2020 is VACATED, and this matter is taken under submission.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 14) be GRANTED;
2. The court dismiss plaintiff's Section 1983 claims with prejudice;
3. The court decline to exercise supplemental jurisdiction over plaintiff's state-law claims, thereby dismissing them without prejudice;
4. Leave to amend be denied;
5. The clerk of the court be ordered to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 29, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pier.124

8