UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. PIERSON, III, | No. 2:20-cv-00124-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| SUTTER HEALTH, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Raymond H. Pierson's ("Plaintiff") Motion for Reconsideration of the Court's July 28, 2020 Order (ECF No. 32), which granted Defendant Sutter Health's ("Sutter") Motion to Dismiss (ECF No. 14), dismissed Plaintiff's federal claims without leave to amend, and declined to exercise jurisdiction over Plaintiff's pendent state law claims, thereby dismissing them without prejudice.[1]  (ECF No. 35.)  For the reasons set forth below, Plaintiff's Motion is DENIED.

///

///

///

///

---

[1] The Order also denied as moot Plaintiff's additional miscellaneous requests (ECF Nos. 21–24), which Plaintiff does not appear to contest here.

1

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this civil action against Sutter and various other physicians and board members of Sutter (collectively, "Defendants") on January 16, 2020, asserting two claims under 42 U.S.C. § 1983 ("§ 1983") and one claim based on violations of California Health and Safety Code § 1278.5.  (ECF No. 1.)  Plaintiff's claims arise from allegations that, after Plaintiff vocalized concerns that certain patients were receiving sub-par medical treatment at Sutter, Defendants retaliated against him by issuing fraudulent peer-reviews which caused Plaintiff to be issued a 30-day suspension of privileges at Sutter Amador Hospital and suffer long-term damages to his medical practice.  (*See id.*)

On June 3, 2020, Sutter moved to dismiss Plaintiff's federal claims on the basis that Plaintiff failed to satisfy the "state action" requirement of § 1983 because the challenged peer review decisions were "private."  (ECF No. 14 at 3–4, 6–8.)  Without briefing Plaintiff's remaining claims, Sutter further requested the Court decline to retain jurisdiction over Plaintiff's pendent state law claims.  (*Id.* at 9.)

On June 29, 2020, the magistrate judge issued Findings and Recommendations recommending dismissal of the § 1983 claim without leave to amend and recommending the Court dismiss Plaintiff's state claims without prejudice.  (ECF No. 20.)  Plaintiff filed Objections to the Findings and Recommendations (ECF No. 31), as well as a Motion to Invalidate claim of service (ECF No. 24), a Request for permission to file Judicial Notice (ECF No. 21), a Request for Judicial Notice (ECF No. 22), a Request to file a motion of extended length (ECF No. 23), and two Notices of Interested Parties (ECF Nos. 25–26).  Sutter responded to Plaintiff's Objections and opposed the miscellaneous requests.  (ECF Nos. 29–30.)

On July 28, 2020, the Court adopted the Findings and Recommendations in full, granted Sutter's Motion to Dismiss (ECF No. 14), dismissed Plaintiff's § 1983 claims without leave to amend, denied Plaintiff's remaining miscellaneous motions as moot (ECF Nos. 21–24), and declined to exercise supplemental jurisdiction over Plaintiff's pendent state claims, thereby dismissing them without prejudice.  (ECF No. 32.)

///

1  On August 25, 2020, Plaintiff filed the instant Motion for Reconsideration under Rule 59(e), along with a Request for leave to exceed the page limit.  (ECF Nos. 34–35.)  Sutter opposed the Motion.  (ECF No. 36.)  Plaintiff filed a Reply along with a Request for leave to file a reply brief that also exceeded the page limit.[2]  (ECF Nos. 38–39.)

## II.   STANDARD OF LAW

The Court may grant reconsideration under either Rule 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment.  *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order.  *Id.*  Here, Plaintiff's motion was filed within twenty-eight days of entry of Judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).  (*See* ECF Nos. 33, 35.)

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v. Herron (Allstate Ins. Co.)*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell*, 197 F.3d at 1255 (emphasis in original).  Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* at 1255 n.1.  Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*,

---

[2]  Upon review of Plaintiff's unopposed requests to file pleadings in excess of the page limits and good cause appearing, the Court GRANTS Plaintiff's Requests.  (ECF Nos. 34, 39.)

3

571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

### III. ANALYSIS

Plaintiff fails to advance any argument that establishes he is entitled to relief under Rule 59(e). The vast majority of Plaintiff's 65-page motion concerns argument that the entry of Judgment constituted "errors of fact" and "errors of law" because Sutter failed to properly serve its Motion to Dismiss (ECF No. 14) on Plaintiff "by mail" and the Court should have invalidated the filing pursuant to Rule 5(b)(2)(C) and California Code of Civil Procedure 1013(a)(3). (*See* ECF No. 35 at 10–50, 55.) Plaintiff additionally appears to argue the Court erred in failing to grant leave to amend (*see id.* 35 at 3, 56), and that it was error to dismiss all of the Defendants when only Sutter moved for dismissal (*see id.* at 4, 12, 58). Plaintiff's arguments are unavailing for the reasons discussed herein.

As an initial matter, the Court notes Plaintiff's arguments do not constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4). Rather, Plaintiff is impermissibly re-asserting arguments that he previously made (or could have made) prior to this Court's entry of Judgment. (*See* ECF Nos. 17, 19, 21–22, 24, 27, 31); *Marlyn*, 571 F.3d at 880. Indeed, Plaintiff does not present any new evidence, circumstances, or change in law in his Motion for Reconsideration. As such, Plaintiff fails to satisfy the requirements of the Local Rules

1 or demonstrate that the "extraordinary remedy" he seeks is warranted here. *Allstate Ins. Co.*, 634
2 F.3d at 1111; E.D. Cal. L.R. 230(j)(3)–(4).

3       Furthermore, Plaintiff fails to establish any "clear error." First, Plaintiff's improper
4 service arguments lack legal support and are unpersuasive. Specifically, Plaintiff's reliance on
5 California Code of Civil Procedure § 1013 is misguided because procedural matters are governed
6 by the Federal Rules of Civil Procedure and Local Rules. *See* Fed. R. Civ. P. 1; *see also Kerr v.*
7 *U.S. Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394
8 (1976) (on discovery issue, "[i]n federal question cases the clear weight of authority and logic
9 supports reference to federal law . . ."). Federal Rule of Civil Procedure ("Rule") 5 also provides
10 no support for Plaintiff's arguments, as Rule 5 expressly provides that "service is complete upon
11 mailing," not upon receipt. Fed. R. Civ. P. 5(b)(2)(C). To that end, Sutter has sufficiently
12 demonstrated service was properly effected.[3] (*See* ECF No. 14 at 11 (proof of service); ECF No.
13 29 (affidavits of service in response to Plaintiff's objections).) To the extent Plaintiff asserts his
14 due process and equal protection rights were violated by the Court's failure to invalidate Sutter's
15 improperly-served filing (*see* ECF No. 35 at 2–3, 51–55; ECF No. 38 at 2–3), the Court rejects
16 Plaintiff's contention as conclusory and unsupported by any legal authority. Thus, Plaintiff fails
17 to establish any "error of fact or law" based on service of the Motion to Dismiss. *Allstate Ins.*
18 *Co.*, 634 F.3d at 1111.

19       Plaintiff's argument that it was error to dismiss the action without permitting him leave to
20 file an amended complaint "as a matter of course" (ECF No. 35 at 3, 56) is also unavailing.
21 While Rule 15 favors liberality in amendments to pleadings, even a *pro se* litigant may be denied

---

[3] The Court additionally notes that, even if Plaintiff's *receipt by mail* of the Motion to Dismiss and later-filed documents was delayed, Plaintiff nevertheless received electronic copies of all filings from Sutter on the dates that Sutter effected service by mail. (*See* ECF No. 22 at 72–77.) Thus, Plaintiff had ample time and opportunity between the June 3, 2020 Motion to Dismiss and the July 28, 2020 entry of Judgment to review and respond to Sutter's substantive arguments for dismissal (or request an extension of time from the Court to do so), rather than solely focus on a perceived procedural defect and refuse to provide any substantive argument whatsoever. Even in his Motion for Reconsideration, Plaintiff chooses to continue to pursue only the alleged defective service issue while disregarding any argument on the substantive basis for dismissal of his claims and declining to propose any amendments that could cure the identified defects.

1 leave to amend when it is clear that the deficiencies of the complaint cannot be cured by
2 amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d
3 1122, 1130 (9th Cir. 2000). In short, where further amendment would be futile, the Court may
4 exercise its discretion and deny leave to amend. *Noll*, 809 F.2d at 1448 ("For example, in a 42
5 U.S.C. § 1983 action where the pro se plaintiff failed to allege that the defendant actor acted
6 under color of state law, the court need point out only that the complaint fails to state a claim
7 because it fails to allege facts sufficient to show that the defendant acted under color of state
8 law."). Here, as Sutter correctly argues in its Motion to Dismiss, Plaintiff's allegations make
9 clear the disputed peer-review actions taken by Defendants constitute private, not "state action,"
10 and therefore Plaintiff's claims under § 1983 fail. (*See* ECF No. 14 at 4, 6–8.) As this Court has
11 noted, Plaintiff has never addressed this argument, nor has he proposed any amendments that
12 could purportedly cure the identified pleading defects. Consequently, the Court correctly
13 concluded that leave to amend was not warranted because amendment would be futile. (*See* ECF
14 No. 20 at 5–8; ECF No. 32 (adopting Findings and Recommendations in full)); *Noll*, 809 F.2d at
15 1448. Thus, Plaintiff fails to establish any "error of law" based on the Court's dismissal without
16 leave to amend. *Allstate Ins. Co.*, 634 F.3d at 1111.

17 Finally, the Court remains unpersuaded that it was error to dismiss all the named
18 Defendants and not just Sutter. (*See* ECF No. 35 at 4, 12, 58.) The Ninth Circuit permits the
19 district court to *sua sponte* dismiss non-moving defendants where, as here, "such defendants are
20 in a position similar to that of moving defendants or where claims against such defendants are
21 integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).
22 Furthermore, the Court notes the majority of the named Defendants were not served summons in
23 this action.

24 In any event, the Court has carefully reviewed the entire file and still finds the Findings
25 and Recommendations (ECF No. 20) to be supported by the record and by proper analysis. Put
26 simply, Plaintiff's § 1983 claims fail because he does not satisfy the requirement that Defendants'
27 actions constituted "state action under color of law," and no amendment would cure this defect.
28 *Noll*, 809 F.2d at 1448. Further, having dismissed all federal claims, the Court appropriately

declined to exercise jurisdiction over Plaintiff's pendent state law claims.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed); *Carnegie-Mellon Univ. v. Cohill, Inc.*, 484 U.S. 343, 350 n.7 (1988) (Where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state law claims.").  Accordingly, Plaintiff's motion must be denied.

### IV.  CONCLUSION

For the reasons discussed herein, Plaintiff's Requests to file pleadings that exceed the page limits are hereby GRANTED.  (ECF Nos. 34, 39.)  Plaintiff's Motion for Reconsideration is DENIED.  (ECF No. 35.)  The Court affirms the July 28, 2020 Order dismissing Plaintiff's federal claims without leave to amend and dismissing Plaintiff's pendent state claims without prejudice.  (ECF No. 32.)

IT IS SO ORDERED.

DATED:  January 5, 2021

Troy L. Nunley
United States District Judge